**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brandon Courtney Hunter, | No. CV-23-00872-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Brandon Courtney Hunter's Application for Disability Insurance Benefits by the Social Security Administration under the Social Security Act. The Court now addresses Plaintiff's Opening Brief (Doc. 12, Pl. Br.), Defendant Social Security Administration Commissioner's Response Brief (Doc. 15, Def. Br.), and Plaintiff's Reply (Doc. 18, Reply). The Court has reviewed the briefs and Administrative Record (Docs. 8–9, R.) and now affirms the Administrative Law Judge's (ALJ) decision (R. at 25–35) as upheld by the Appeals Council (R. at 1–3).

**I.    BACKGROUND**

Plaintiff filed Applications for Disability Insurance Benefits and Supplemental Security Income on April 30, 2021, for a period of disability beginning on November 17, 2020. (R. at 25.) His claim was denied initially on September 2, 2021, and upon reconsideration on January 26, 2022. (R. at 25.) On October 27, 2022, Plaintiff appeared by video before the ALJ for a hearing regarding his claim. (R. at 42–63.) On January 30,

2023, the ALJ denied Plaintiff's claim. (R. at 25–35.) On March 27, 2023, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision. (R. at 1–3.)

In the Decision, the ALJ found Plaintiff had the severe impairments of lumbar degenerative disc disease and obesity. (R. at 28.) The ALJ evaluated the medical evidence and testimony and ultimately concluded that Plaintiff was not disabled. (R. at 35.) In so doing, the ALJ determined that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (R. at 29.) The ALJ found that Plaintiff had the Residual Functional Capacity (RFC) to perform the full range of medium work. (R. at 43.) Based on the RFC formulation and the testimony of the Vocational Expert (VE) at the hearing, the ALJ found that Plaintiff could perform his past relevant work as a cashier or recycle salvage worker such that Plaintiff was not under a disability as defined in the Social Security Act. (R. at 29–35.)

## II.     LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.*; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

**III. ANALYSIS**

Plaintiff raises the following arguments for the Court's consideration: (1) the "ALJ erred in applying an overly stringent application of the *de minimus* standard at step two with regard to Plaintiff's trigger finger and bilateral carpal tunnel syndrome impairments"; and (2) the ALJ discredited Plaintiff's subjective complaints without clear and convincing reasons. The Court now examines these in turn.

  **A. Step Two: Severe Impairments**

Plaintiff contends that medical evidence supports a finding that he suffered from trigger finger and bilateral carpal tunnel syndrome, and the ALJ erred in concluding these

impairments were non-severe and not incorporating them in his assessment of Plaintiff's functional limitations. (Pl. Br. at 14–18.)

The Ninth Circuit interprets the Step Two severity requirement as a "*de minimis* screening device" designed to weed out groundless claims. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). An impairment is not severe if it does not significantly limit the claimant's ability to do basic work activities. 20 C.F.R. § 404.1520(c). "Basic work activities are 'abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling.'" *Smolen*, 80 F.3d at 1273 (citing 20 C.F.R. § 404.1520(b) (2014)). Only if the evidence establishes a "slight abnormality that has no more than a minimal effect on an individual's ability to work" should the ALJ end the inquiry at Step Two. Soc. Sec. Ruling 85-28; *Smolen*, 80 F.3d at 1290. An ALJ's decision to do so shall be affirmed only where it is "clearly established by medical evidence." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

The Court agrees with Defendant (Def. Br. at 8) that the ALJ's conclusion that Plaintiff's trigger finger was a non-severe impairment is clearly supported by substantial evidence. First, the record shows Plaintiff first presented with trigger finger in June 2022, 19 months after the disability onset date alleged by Plaintiff, and there is no evidence he suffered from trigger finger as of or around the alleged onset date. (*See* R. at 789.) Second, the ALJ reasonably concluded from the evidence (R. at 28) that the trigger finger did not meet the disability duration requirement because it was not expected to last 12 continuous months or more. *See* 20 C.F.R. § 404.1509 (stating that an impairment "must be expected to last for a continuous period of at least 12 months"). The record shows Plaintiff underwent a trigger release procedure to correct the condition three months after it was diagnosed. (R. at 838–39.) To the extent Plaintiff reported some post-procedure pain at the administrative hearing in October 2022, the hearing was only a month after the procedure. (R. at 55, 59–60.) Accordingly, the ALJ did not err in finding Plaintiff's trigger-finger was a short-term condition and non-severe.

As for Plaintiff's carpal tunnel syndrome, the Court again agrees with Defendant (Def. Br. at 8–9) that the medical record clearly supports the ALJ's conclusion that it was a non-severe impairment. Although Plaintiff was diagnosed with moderate and moderate-to-severe carpal tunnel syndrome in March 2021, medical examinations did not corroborate his reported limitations; an examination shortly before the administrative hearing revealed that Plaintiff could make a fist and had grip strength of 5/5 in both hands, and both of Plaintiff's wrists had a full range of motion. (R. at 786.) In sum, substantial evidence clearly supports the ALJ's finding that Plaintiff's trigger finger and carpal tunnel syndrome impairments caused "no more than a minimal effect on [Plaintiff's] ability to work." *Smolen*, 80 F.3d at 1290.

### B.     Symptom Testimony

With regard to limitations caused by the severe impairments identified by the ALJ—lumbar degenerative disc disease and obesity—Plaintiff testified at the administrative hearing (R. at 42–63) that had "nerve pain/issues in his legs, arms, and lower back area," he could not remain standing for too long—no more than three to four hours—and he could walk up to half a mile at a time, as noted by the ALJ. (R. at 30, 33.) Much of Plaintiff's subjective testimony corroborates a finding that he has the ability to work; as for the pain limitations identified by Plaintiff, he now argues that the ALJ failed to provide clear and convincing reasons for discounting his testimony. (Pl. Br. at 10–14.)

While credibility is the province of the ALJ, an adverse credibility determination requires the ALJ to provide "specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citing *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996).)). For example, "[i]n evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). But the ALJ may properly consider that the

medical record lacks evidence to support certain symptom testimony. *Id.* at 681. The ALJ may also properly consider inconsistencies in the claimant's testimony, including inconsistencies between the claimant's testimony of daily activities and symptom testimony. *Id.*

Among his reasons for discounting portions of Plaintiff's symptom testimony, the ALJ observed that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (R. at 36.) Specifically, the ALJ cited medical reports addressing degenerative changes in Plaintiff's spine that supported mild symptoms; medical reports repeatedly revealed unremarkable musculoskeletal examinations and a normal gait. (R. at 30–32.) Moreover, the ALJ noted Plaintiff has had only conservative treatment for his degenerative disc disease through primary care and physical therapy, and the medical record supports that finding. (R. at 31.) Indeed, Plaintiff reported that physical therapy and exercises help relieve his pain. (R. at 32.)

Plaintiff argues that the ALJ did not analyze the effect of Plaintiff's reported activities of daily life on his ability to work (Pl. Br. at 11–13). On the contrary, the ALJ adequately identified daily activities consistent with Plaintiff's ability to work, such as regularly walking to the grocery store and shopping, caring for and exercising his dogs, preparing his own meals, cleaning the yard and home, painting the interior of the home, and going out to spend time with neighbors. (R. at 32–33.) These findings support the ALJ's conclusion that Plaintiff was not more limited than formulated in the RFC. (R. at 32.)

In sum, the Court finds the ALJ's reasons for discounting Plaintiff's symptom testimony were specific, clear, and sufficiently convincing for the Court not to disturb the ALJ's conclusions. *See Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2004). In the absence of finding material error on the part of the ALJ, the Court must affirm the ALJ's decision.

. . .

**IT IS THEREFORE ORDERED** affirming the January 30, 2023 decision of the ALJ (R. at 25–35), as affirmed by the Appeals Council (R. at 1–3).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment and close this case.

Dated this 7th day of October, 2024.

Honorable John J. Tuchi
United States District Judge